J-A29015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

ANDREW JAMES MARTIN

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 512 WDA 2021

Appeal from the PCRA Order Entered March 22, 2021
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000557-2018

BEFORE: BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: DECEMBER 30, 2021**

Appellant, Andrew James Martin, appeals from the post-conviction court's March 22, 2021 order dismissing his first, timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant presents two claims of ineffective assistance of counsel (IAC). After careful review, we affirm.

The PCRA court summarized the facts and procedural history of this case, as follows:

> On May 29, 2018, [Appellant] … was found trespassing on Joyce McClelland's property. After being told to leave by Pennsylvania State Police (hereinafter "PSP"), [Appellant] returned to the property. Upon his return, Dwayne Delattre, McClelland's brother, ordered [Appellant] to leave the property. Ultimately, [Appellant] kicked in McClelland's door, entered the residence, and physically assaulted Delattre. At that point, McClelland retrieved her firearm, pointed it at [Appellant], and told him to leave.

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] left the residence and was apprehended by a neighbor until PSP returned. Based on this incident, [Appellant] was charged with burglary, criminal trespass, possession of paraphernalia, simple assault, criminal mischief, defiant trespass, and harassment.

The Clearfield County Public Defender's Office, specifically Matthew Swisher, Esq., entered [his] appearance on behalf of [Appellant]. After a jury trial on September 21, 2018, [Appellant] was convicted of all charges. On November 5, 2018, this [c]ourt sentenced [Appellant] to a term of incarceration of six to twelve years. Attorney Swisher filed a Motion for Withdrawal of Counsel on November 20, 2018. In the Motion, Attorney Swisher aver[red that Appellant] had indicated to Attorney Swisher that he was filing a … []PCRA [p]etition[] for [IAC] against the Public Defender's Office. Subsequently, [Appellant] filed a *pro se* PCRA [p]etition for [IAC] on November 27, 2018. This [c]ourt permitted the Public Defender's Office to withdraw from representation of [Appellant], so long as a timely Notice of Appeal [from Appellant's judgment of sentence] was filed to protect the record and the rights of [Appellant]. Following the [c]ourt's Order, Attorney Swisher filed a Notice of Appeal [from Appellant's November 5, 2018 judgment of sentence] on behalf of [Appellant].

Heather Bozovich, Esq.[,] was appointed to represent [Appellant] and ordered to determine whether [Appellant] would proceed with his direct appeal or his PCRA [p]etition. Thereafter, [Appellant] was permitted to withdraw his PCRA [p]etition without prejudice and proceed with his direct appeal to the Superior Court. However, on April 10, 2019, the Superior Court issued an Order to Discontinue the Appeal. On June 17, 2019, [Appellant] submitted a second PCRA Petition [alleging IAC.[1]] Attorney Bozovich was … reappointed [to] represent [Appellant] for the purpose of his PCRA [p]etition.

On October 24, 2019, Attorney Bozovich filed an [a]mended PCRA [p]etition on behalf of [Appellant].

PCO at 1-2 (footnotes omitted).

---

[1] The court properly treated this filing as Appellant's first PCRA petition. **See** PCRA Court Opinion (PCO), 3/22/21, at 2 n.2.

- 2 -

In Appellant's amended petition, he raised multiple IAC claims against Attorney Swisher. On January 14, 2021, the court conducted a PCRA hearing. On March 22, 2021, the PCRA court issued an order and opinion dismissing Appellant's petition. Appellant filed a timely notice of appeal, and he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter notified this Court that it would not be filing another opinion in the matter. Thus, we consider the rationale set forth in the PCRA court's March 22, 2021 opinion in addressing the following three issues for our review:

> [I.] Whether Appellant's constitutional rights under the Sixth Amendment were violated by counsel's ineffective determination of his sentencing guidelines[,] thereby depriving Appellant of the ability to intelligently pursue a plea agreement[?]
>
> [II.] Whether counsel was constitutionally ineffective under the Sixth Amendment for pursuing and arguing self-defense when there was no evidence supporting [that] Appellant was acting in self-defense and over Appellant's objection to this trial strategy?
>
> [III.] Whether … [A]ppellant's rights under the constitution were violated based upon the cumulative impact of the above errors?

Appellant's Brief at 5 (unnecessary capitalization omitted; some formatting changed).

"This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)).

- 3 -

Where, as here, a petitioner claims that he or she received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland** [**v. Washington**, 466 U.S. 668 … (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra**. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, … 10 A.3d at 291 (quoting

> ***Commonwealth v. Collins***, … 957 A.2d 237, 244 ([Pa.] 2008)
> (citing ***Strickland***, 466 U.S. at 694…)).

***Commonwealth v. Spotz***, 84 A.3d 294, 311-12 (Pa. 2014).

In Appellant's first issue, he contends that Attorney Swisher acted ineffectively by "relying on incorrect information" when advising Appellant on whether to plead guilty or proceed to trial. Specifically, Appellant explains that,

> leading to trial, Attorney Swisher indicated a conviction would result in a 4-year sentence. Two separate sentencing data sheets were entered into evidence. The first, dated October 23, 2018, contained a guideline range indicating an offense gravity score [OGS] of 9 and a prior record score [PRS] of 5. Based on this, [Appellant's] standard range [sentence] would be 48 months to 60 months['] incarceration, which is consistent with [Appellant's] recollection of a 4[-]year minimum.
>
> However, on the second sentencing data sheet dated November 2, 2018, the OGS was changed to 10. This change resulted in a new standard range of 60 … to 72 months['] incarceration.

Appellant's Brief at 10-11.

Appellant argues that Attorney Swisher's failure to recognize and correct the error in Appellant's OGS, and accurately advise Appellant about the sentence he faced, "deprived [Appellant] of his ability to enter a plea as opposed to [facing] the risk of trial." ***Id.*** at 12. While Appellant acknowledges that "the standard ranges of the sentencing guidelines do not change with a plea," he insists that because he went to trial, he received a lengthier sentence because the judge heard the evidence against him and necessarily took into account that a jury convicted Appellant. ***Id.*** at 11.

- 5 -

Initially, Appellant does not explain why he would not have taken the "risk" of proceeding to trial had he known his OGS was a ten, rather than a nine. Indeed, the record indicates that Appellant would have still decided to go to trial. For instance, at the PCRA hearing, Attorney Swisher testified that "there were plea negotiations" and Appellant was "concern[ed] about an open plea offer." N.T. Hearing, 1/14/21, at 75. He recalled that Appellant "was adamant about avoiding state time. Any plea that involved state time was not acceptable to him." *Id.* However, "[g]iven [Appellant's] prior record score and the nature of the charges, … the district attorney on the case[] was absolutely against anything other than state time." *Id.*

From this record, the PCRA court observed that

> the Commonwealth had not presented any plea offer that [Appellant] would [have] accept[ed] based on an OGS of nine, so it is not reasonable to believe that the plea offers based on an OGS of ten would have been acceptable to [Appellant]. Hence, [Appellant] would have been left to pursue an open plea, but it was testified to that [Appellant] did not wish to go that route. Even assuming [Appellant] had taken an open plea based on an OGS of nine and later learned the OGS was a ten, he would have been sentenced based on the correct guidelines, or he would have been permitted to withdraw his plea and go forward with a trial. Therefore, [Appellant] ha[s] not established that the outcome of [his] case, and sentencing specifically[,] would have changed had the OGS been correctly determined at an earlier date.

PCO at 9. We discern no abuse of discretion or error of law in the court's decision. Therefore, Appellant's first ineffectiveness claim is meritless.

In Appellant's next issue, he contends that Attorney Swisher acted ineffectively when he "pursued and argued a self-defense strategy with no

reasonable basis and over the objection of [Appellant]." Appellant's Brief at 14. Appellant insists that counsel had no grounds for pursuing a self-defense claim, as counsel "had absolutely no evidence to present and the concept itself was clearly misplaced." *Id.*

In rejecting this IAC claim, the PCRA court reviewed the trial transcripts and determined that

> Attorney Swisher did not argue self-defense to the jury, nor was a self-defense instruction provided to them. This [c]ourt found evidence of self-defense had not been presented prior to closing arguments, so an argument of self-defense could not and would not be made to the jury. Since there is no evidence of a self-defense strategy being presented to the jur[y], this claim has no merit.

PCO at 5-6. Appellant has failed to prove that the court erred in this decision. Aside from citing discussions between the court and Attorney Swisher, Appellant does not point to anywhere in the record that counsel made a self-defense argument to the jury. Thus, he has not demonstrated that counsel ineffectively pursued a self-defense strategy.[2]

_____

[2] We note that within this issue, Appellant also confusingly argues that counsel erred by not advising him that, in order to **prove** a self-defense claim, he would have to testify at trial. According to Appellant, "[d]espite Attorney Swisher['s] knowing evidence needed to be presented regarding the self-defense [claim], he failed to produce any evidence of the same during his case without [Appellant's] testifying and clearly advised [Appellant] not to testify[,] knowing he needed to present some type of evidence to warrant a self-defense charge." Appellant's Brief at 18. Appellant cannot claim that counsel was ineffective for pursuing a self-defense claim over his objection, and in the next breath argue that counsel was ineffective for not presenting adequate
*(Footnote Continued Next Page)*

In sum, we conclude that both of Appellant's ineffectiveness claims are meritless. Consequently, no relief is due on his third issue, in which he alleges that the cumulative effect of counsel's ostensible errors entitles him to a new trial. Accordingly, the court properly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/30/2021

_____

evidence to support an assertion of self-defense. Thus, this argument is meritless.